**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

EDWARD FENTON,                                    Case No. 1:20-cv-413

        Plaintiff,                          Barrett, D.J.
                                                  Bowman, M.J.
  v.

COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

**REPORT AND RECOMMENDATION**

Plaintiff Edward Fenton filed this Social Security appeal in order to challenge the Defendant's findings that he is not disabled. *See* 42 U.S.C. §405(g). Proceeding through counsel, Plaintiff presents six claims of error, all of which the Defendant disputes. For the reasons explained below, I conclude that the ALJ's finding of non-disability should be REVERSED and REMANDED, because it is not supported by substantial evidence in the administrative record.

## I. Summary of Administrative Record

Plaintiff applied for disability insurance benefits on April 1, 2016, alleging disability since July 31, 2013. (Tr. 116-17, 150-51, 304-07). The State Agency Disability Determination Service denied his claim initially in July 2016 and upon reconsideration in December 2016. (Tr. 173-79, 182-86). Following a hearing, Administrative Law Judge Anne Shaughnessy (the ALJ) issued a fully favorable decision. (Tr. 152-60). The Appeals Council remanded the case, and a new hearing was held on September 18, 2018. (Tr. 42-66, 163-72). The ALJ issued a second decision in October 2019 concluding that Plaintiff was not disabled within the meaning of the Social Security Act (Tr. 12-40).

1

Plaintiff now seeks judicial review of the denial of his application for benefits.

Plaintiff was born on October 31, 1969 and was 43 years old on the alleged onset date of disability.  (Tr. 32).  He completed high school and has past relevant work as a cook and machine operator.  (Tr. 31).

Based upon the record and testimony presented at the hearing, the ALJ found that Plaintiff had the following severe impairments: "degenerative disc disease of the cervical and lumbar spine, diabetes mellitus, obesity and bipolar disorder." (Tr. 18).  The ALJ concluded that none of Plaintiff's impairments alone or in combination met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subp. P, Appendix 1.  The ALJ determined that Plaintiff retains the following residual functional capacity ("RFC") to perform light work with the following limitations:

> He cannot climb ladders, ropes or scaffolds.  He can occasionally stoop, kneel, crouch and crawl.  He is able to complete short cycle tasks in a setting without fast pace demand.  He can have occasional interaction with others. He would need a relatively static work environment.

(Tr. 19-20).  Based upon the record as a whole, including testimony from the vocational expert, and given Plaintiff's age, education, work experience, and RFC, the ALJ concluded that Plaintiff is unable to perform his past relevant work.  Nonetheless, there are jobs that exist in significant numbers in the national economy that he can perform, including such jobs as price marker, mail sorter, photocopy machine operator, ticket sorter and inspector.  Accordingly, the ALJ determined that Plaintiff is not under disability, as defined in the Social Security Regulations, and is not entitled to DIB. *Id*.

The Appeals Council denied Plaintiff's request for review.  Therefore, the ALJ's decision stands as the Defendant's final determination.  On appeal to this Court, Plaintiff

argues that the ALJ erred by 1) assessing Plaintiff's nervous and mental impairments; 2) improperly weighing the medical evidence; 3) failing to properly consider the use of a cane; 4) failing to properly consider Listing 1.04(A); 5) failing to properly evaluate Plaintiff's subjective complaints; and 6) committing various vocational errors.  Upon close analysis, I find that Plaintiff's first assignment of error to be well-taken and dispositive.

## II. Analysis

### A. Judicial Standard of Review

To be eligible for SSI or DIB a claimant must be under a "disability" within the definition of the Social Security Act.  *See* 42 U.S.C. §§423(a), (d), 1382c(a).  The definition of the term "disability" is essentially the same for both DIB and SSI.  *See Bowen v. City of New York*, 476 U.S. 467, 469-70 (1986).  Narrowed to its statutory meaning, a "disability" includes only physical or mental impairments that are both "medically determinable" and severe enough to prevent the applicant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies.  *See Bowen*, 476 U.S. at 469-70 (1986).

When a court is asked to review the Commissioner's denial of benefits, the court's first inquiry is to determine whether the ALJ's non-disability finding is supported by substantial evidence.  42 U.S.C. § 405(g).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (additional citation and internal quotation omitted).  In conducting this review, the court should consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).  If substantial evidence supports the ALJ's denial of benefits, then that finding must be affirmed, even if substantial

evidence also exists in the record to support a finding of disability.  *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994).  As the Sixth Circuit has explained:

> The Secretary's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion . . . . The substantial evidence standard presupposes that there is a 'zone of choice' within which the Secretary may proceed without interference from the courts.  If the Secretary's decision is supported by substantial evidence, a reviewing court must affirm.

*Id.*  (citations omitted).

In considering an application for disability benefits, the Social Security Agency is guided by the following sequential benefits analysis: at Step 1, the Commissioner asks if the claimant is still performing substantial gainful activity; at Step 2, the Commissioner determines if one or more of the claimant's impairments are "severe;" at Step 3, the Commissioner analyzes whether the claimant's impairments, singly or in combination, meet or equal a Listing in the Listing of Impairments; at Step 4, the Commissioner determines whether or not the claimant can still perform his or her past relevant work; and finally, at Step 5, if it is established that claimant can no longer perform his or her past relevant work, the burden of proof shifts to the agency to determine whether a significant number of other jobs which the claimant can perform exist in the national economy.  *See Combs v. Commissioner of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006); 20 C.F.R. §§404.1520, 416.920.

A plaintiff bears the ultimate burden to prove by sufficient evidence that he or she is entitled to disability benefits.  20 C.F.R. § 404.1512(a).  Thus, a plaintiff seeking benefits must present sufficient evidence to show that, during the relevant time-period, he or she suffered impairment, or combination of impairments, expected to last at least twelve

months, that left him or her unable to perform any job in the national economy.  42 U.S.C. § 423(d)(1)(A).

### B.  The ALJ's Decision is not substantially supported

Plaintiff argues that the ALJ's RFC fails to properly account for his mental impairments.  Specifically, Plaintiff contends that the ALJ's RFC improperly limited Plaintiff to "occasional" contact with others, despite the opinions of the state agency psychologists that he would be limited to "superficial" contact with others. Plaintiff's contention is well-taken.

In the decision, the ALJ noted that Plaintiff suffers from bipolar disorder and that this impairment most significantly limited his ability to concentrate, persist or maintain pace and interact with others.  In formulating Plaintiff's mental RFC, the ALJ assigned great weight to the findings of the state agency psychological consultants, Dr. Bruce Goldsmith and Dr. Kristin Haskins who both opined that Plaintiff's affective disorder caused moderate difficulties in his ability to maintain social functioning and maintain concentration, persistence, or pace.  (Tr. 31).  In light of these findings, the ALJ limited Plaintiff to with only occasional interaction with others.

However, despite assigning significant weight to Dr. Goldsmith's opinion, the ALJ failed to adequately explain why he omitted Dr. Goldsmith's opined limitations. (Tr. 31). Specifically, although the ALJ restricted Plaintiff to "occasional interaction with others," the ALJ did not follow Dr. Goldsmith's recommendation that Plaintiff could only "superficially relate to others." (Tr. 130).

Significantly, limiting the quantity of time spent with an individual does not accommodate a limitation relating to the quality of the interactions. See *Lindsey v.*

*Comm'r Soc. Sec.,* No. 2:18-CV-18, 2018 WL 6257432, at *4 (S.D. Ohio Nov. 30, 2018) ("'Occasional contact' goes to the quantity of time spent with [ ] individuals, whereas 'superficial contact' goes to the quality of the interactions.") (quoting *Hurley v. Berryhill*, No. 1:17-CV-421-TLS, 2018 WL 4214523, at *4 (N.D. Ind. Sept. 5, 2018)). The absence of any explanation requires remand. See, e.g., *Barker v. Astrue,* No. 5:09 CV 1171, 2010 WL 2710520, at *5–6 (N.D. Ohio July 7, 2010) (finding that the ALJ erred by failing to include in plaintiff's "RFC the prior ALJ's findings, as adopted by the state agency physicians, that Plaintiff have no interaction with the public and only superficial interaction with co-workers and supervisors" where the ALJ only "limited Plaintiff to no more than occasional interaction with the public (as opposed to no interaction with the public, as in ALJ Hafer's assessment), and he made no mention of whether and to what extent Plaintiff can interact with co-workers and supervisors"); *Hurley*, 2018 WL 4214523, at *4 (explaining that "occasional" and "superficial" are not interchangeable terms and finding that the ALJ erred in making no attempt to explain the basis of his decision to limit plaintiff to occasional rather than superficial interactions) (citing *Gidley v. Colvin*, No. 2:12-CV-374, 2013 WL 6909170, at *12 (N.D. Ind. Dec. 30, 2013)); *Cote v. Colvin*, No. 16-CV-57-SLC, 2017 WL 448617, at *7 (W.D. Wis. Feb. 2, 2017) ("The ALJ did not explain his reasons for only limiting the quantity and not the quality or duration of plaintiff's social interaction, even though several of the physicians whom he credited made clear that plaintiff's difficulties related to the quality of the interaction.").

Notably, in *Corey v. Commissioner of Social Security*, the ALJ afforded significant weight to the opinions limiting the plaintiff to both occasional and superficial interactions but, without any explanation, omitted "superficial" and included only "occasional" in the

6

RFC. See Corey, No. 2:18-cv-1219, 2019 WL 3226945, at *4 (S.D. Ohio, July 17, 2019) (remanding the ALJ's decision because "where, as here, the ALJ assigns significant weight to a particular opinion and states it is consistent with the record, he must incorporate the opined limitations or provide an explanation for declining to do so[,]" otherwise, the court is unable to "conduct[ ] meaningful review to determine whether substantial evidence supports his decision").

Certainly, an ALJ is not required to mirror or parrot medical opinions verbatim. *Poe v. Comm'r of Soc. Sec*., 342 F. App'x 149, 157 (6th Cir. 2009). But where, as here, the ALJ assigns great weight to a particular opinion and states it is consistent with the record, she must incorporate the opined limitations or provide an explanation for declining to do so. *See, e.g., Queen v. Comm'r of Soc. Sec*., No. 2:16-cv-1082, 2017 WL 6523296, at *9–10 (S.D. Ohio Dec. 21, 2017) (remanding where the ALJ "failed to include at least one limitation" from an opinion he had assigned great weight without explaining the omission). Thus, the ALJ's failure to provide such an explanation requires remand because it prevents this Court from conducting meaningful review to determine whether substantial evidence supports her decision. *See Reynolds v. Comm'r of Soc. Sec.,* 424 F. App'x 411, 414 (6th Cir. 2011) (noting that an ALJ's decision "must include a discussion of 'findings and conclusions, and the reasons or basis therefor, on all the material issues of fact, law, or discretion presented on the record.'" (quoting 5 U.S.C. § 557(c)(3)(A))); *Allen v. Astrue*, No. 5:11-cv-95, 2012 WL 1142480, at *8 (N.D. Ohio Apr. 4, 2012) (remanding where "the ALJ failed to properly articulate the RFC calculation," explaining that the Court was "unable to trace the path of the ALJ's reasoning"); *Commodore v. Astrue*, No. 10-295, 2011 WL 4856162, at *4, 6 (E.D. Ky. Oct. 13, 2011) (remanding action "with instructions

to provide a more thorough written analysis," where the ALJ failed to articulate the reasons for his RFC findings such that the Court could not "conduct a meaningful review of whether substantial evidence supports the ALJ's decision"); *Cote*, 2017 WL 448617, at *7 (requiring the ALJ to "build a logical bridge between the evidence and any social functioning limitations that he chooses to include in the residual functional capacity assessment").

In sum, the undersigned finds that remand is warranted because the ALJ assigned significant weight to the State agency psychologists' opinions but failed to include limitations for "superficial" interactions or offer an adequate explanation for why he failed to do so or how the RFC assessed accommodated those limitations.

This finding obviates the need to analyze and resolve Plaintiff's remaining contentions of error. Nevertheless, on remand, the ALJ may consider Plaintiff's remaining assignments of error, if appropriate.

### III. Conclusion and Recommendation

This matter should be remanded pursuant to Sentence Four of § 405(g) for further proceedings consistent with this Report and Recommendation. A sentence four remand under 42 U.S.C. § 405(g) provides the required relief in cases where there is insufficient evidence in the record to support the Commissioner's conclusions and further fact-finding is necessary. *See Faucher v. Secretary of Health and Human Servs.*, 17 F.3d 171, 174 (6th Cir. 1994) (citations omitted). In a sentence four remand, the Court makes a final judgment on the Commissioner's decision and "may order the Secretary to consider additional evidence on remand to remedy a defect in the original proceedings, a defect which caused the Secretary's misapplication of the regulations in the first place." *Faucher*,

17 F.3d at 175. All essential factual issues have not been resolved in this matter, nor does the current record adequately establish Plaintiff's entitlement to benefits as of his alleged onset date. *Id*. at 176.

For the reasons explained herein, **IT IS RECOMMENDED THAT:** the decision of the Commissioner to deny Plaintiff SSI benefits is **REVERSED** and this matter be **REMANDED** under sentence four of 42 U.S.C. § 405(g) consistent with this opinion. As no further matters remain pending for the Court's review, this case is **CLOSED**.

 *s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

EDWARD FENTON,                                         Case No. 1:20-cv-413

          Plaintiff,                              Barrett, D.J.
                                                      Bowman, M.J.

   v.

COMMISSIONER OF SOCIAL SECURITY,

          Defendant.


**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.   All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.   A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).